UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TREVOR KNIGHT,                                                    :
                                         Plaintiff,         :      **MEMORANDUM & ORDER**
                                                                :      16-cv-1956 (DLI)(PK)

    -against-                                     :

CREDIT PROTECTION ASSOCIATION, L.P.,            :

                             Defendant.         :
------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

        Trevor Knight ("Plaintiff") filed this action against Credit Protection Association, L.P. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").  Plaintiff claims that Defendant violated the FDCPA by sending a misleading debt collection letter to Plaintiff and others similarly situated.  Defendant filed the instant motion seeking dismissal, pursuant to Fed. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.  Plaintiff opposed the motion.  For the reasons set forth below Defendant's motion is granted, in part, and denied, in part.

## BACKGROUND

        Defendant is a debt collection company located in Dallas, Texas.  (Am. Compl. ¶ 6.) Plaintiff alleges that Defendant sent him "numerous written correspondences" in order to collect a debt of $157.55 purportedly due to a utility entity named "National Grid," which was later referred to Defendant for collection.  (*Id.* at ¶¶ 10-12.)  One of those letters stated the following:

> Pursuant to the Fair Debt Collection Practices Act, the thirty (30) day validation period concerning the validity of your debt has now passed without you seeking to verify the debt.  According to the laws governing credit information, Credit Protection and National Grid can now take all appropriate steps permitted by law to collect this outstanding debt.

(*Id.* at ¶ 14 & Ex. 1.)  Plaintiff alleges that this statement (the "Statement")—the only representation made by Defendant at issue in this case—violates the FDCPA in that it:  (i) "is intended to convey to the consumer that the failure to dispute the alleged debt permits the debt collector to proceed for collection purposes upon the temporary fiction that the debt is valid" (*Id.* at ¶ 18); (ii) "falsely and improperly implies that the creditor, National Grid, also has the right under the FDCPA to assume the subject debt is valid based upon the Plaintiff's failure to dispute the alleged debt" (*Id.* at ¶ 19); (iii) "falsely implies that the Plaintiff has admitted that he owes the subject debt, as a matter of credit 'laws,' based upon his failure to dispute the validity of the debt" (*Id.* at ¶ 21) and (iv) "falsely impl[ies] to the least sophisticated consumer that National Grid has a creditor's right to commence formal legal action against the Plaintiff and claim in any lawsuit that said debt would be deemed admitted as a matter of law based upon the Plaintiff's failure to exercise his right to dispute the alleged debt" (*Id.* at ¶ 22).

> Plaintiff alleges that the Statement violates four provisions of the FDCPA:
>
> The Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect an alleged debt;
>
> The Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of an alleged debt;
>
> The Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means during attempts to collect an alleged debt;
>
> The Defendant violated 15 U.S.C. § 1692g(c) by falsely implying that the Plaintiff has admitted his alleged debt as a matter of law based upon his failure to request verification thereof.

(Am. Compl. at ¶ 40.)

On July 26, 2016, Defendant moved to dismiss all claims set forth in the Amended Complaint, arguing that (i) Plaintiff failed to state a claim under § 1692g(c) because that section "is only applicable if a court improperly construes a debtor's failure to dispute the validity of a

2

debt as an admission of liability," which Plaintiff did not allege here; and (ii) Plaintiff's remaining claims fail because the Statement "did not make any false representations about the legal status of Plaintiff's debt." (Mot. to Dismiss (the "Motion" or "Mot.") at 4, 7, Dkt. Entry No 13; *see* Reply in Further Support of the Motion, Dkt. Entry No. 15.) On August 9, 2016, Plaintiff opposed the Motion. (Pl. Opp. to Motion ("Opposition" or "Opp."), Dkt. Entry No. 14.)

## DISCUSSION

### I.     Motion to Dismiss Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## II. FDCPA Analysis

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The "FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors." *Carlin v. Davidson Fink LLP*, — F.3d —, —, 2017 WL 1160887, at *4 (2d Cir. Mar. 29, 2017) (emphasis omitted) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002)). "To that end, the Act imposes various procedural and substantive obligations on debt collectors." *Sheriff v. Gillie*, 136 S. Ct. 1594, 1598 (2016). When evaluating whether a letter complies with the FDCPA, a court considers the statements contained therein from the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). Under this inquiry, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). This standard is meant to protect "the gullible as well as the shrewd." *Jacobson*, 516 F.3d at 90.

In this action, Plaintiff alleges that Defendant violated sections 1692e, 1692f, and 1692g of the FDCPA. For the reasons set forth below, the Court finds that the Amended Complaint states a claim for relief that is plausible on its face for violations under section 1692e, but has failed to state a claim pursuant to sections 1692f or 1692g.

**A. 15 U.S.C. § 1692e**

Section 1692e prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The sixteen subsections of Section 1692e set forth a non-exhaustive list of practices that fall within this ban," *Avila v. Riexinger & Assocs.*, LLC, 817 F.3d 72, 75 (2d Cir. 2016), including "the false representation of the character, amount, or legal status of any debt," § 1692e(2)(A). "Because the list in the sixteen subsections is non-exhaustive, a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections of § 1692e." *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1318). To determine whether a debt collector has violated Section 1692e, courts use the aforementioned objective standard measured by whether the alleged misrepresentation would mislead "the least sophisticated consumer." *Avila*, 817 F.3d at 75. "In other words, we ask how the least sophisticated consumer—'one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer'—would understand the collection notice." *Id.* (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir.1996)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1319). This is a question of law, which can be resolved by the Court on a motion to dismiss. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e."); *Corcia v. Asset Acceptance*, 2014 WL 3656049, at *4 (E.D.N.Y. July 22, 2014) ("[T]he Court can resolve whether a communication violates § 1692e on a motion to dismiss."); *Shami v. Nat'l Enter. Sys.*, 914 F. Supp.2d 353, 359 (E.D.N.Y. 2012).

Moreover, although Congress did not expressly require that any violation of § 1692e be material, other federal circuit courts of appeals have read a materiality requirement into the provision. *See, e.g.*, *Warren v. Sessoms & Rogers, P.A.*, 676 F. 3d 365, 374 (4th Cir. 2012), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)*; Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009). The Second Circuit Court of Appeals has not expressly adopted the materiality requirement, but it has cited, with apparent approval, these decisions of other circuits, as well as decisions of district courts of this circuit that have adopted the requirement. *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (Summary Order); *see Kagan v. Selene Fin. L.P.*, 2016 WL 5660255, at *8 (S.D.N.Y. Sept. 28, 2016).

Here, Plaintiff's principle contention is that the Statement is misleading to the least sophisticated consumer because it suggests, incorrectly, that the debt is valid "as a matter of law and that . . . Plaintiff has forever lost the ability to dispute the debt." (Opp. at 7.) The Court agrees that the Statement is misleading.

Although not argued by Plaintiff, the Court finds at the outset that the Statement suffers from a failure to represent accurately the debt verification process by implying that the consumer, rather than the debt collector, was required to "verify" the debt at issue. Pursuant to 15 U.S.C. § 1692g(a)(4), the initial communication made by a debt collector must contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, *the debt collector will obtain verification* of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." *Id.* (emphasis added). While the sufficiency of Defendant's

6

initial communication to Plaintiff is not at issue in this case, the Statement nonetheless can violate section 1692e by failing to state accurately the "character, amount, or legal status of any debt," thereby creating confusion in the consumer. 15 U.S.C. § 1692e(2)(A). The Statement does so by incorrectly implying that it was the consumer's obligation to "seek to verify" the debt, when in reality the statute provides only that the consumer notify the debt collector in writing that the debt was disputed; once that occurs, it is then incumbent on the *debt collector*, and no other entity or person, to seek verification of the debt.

However, even putting aside this inaccuracy, the Statement also improperly implies that the debt is valid and that Plaintiff no longer has any recourse under the law to contest the debt. The Statement does so by stating that the thirty-day period is a "validation period concerning the validity of your debt"[1]—when it actually is a dispute period during which the consumer has an opportunity to dispute the validity debt—and then tying the expiration of the period to the debt collector's ability to "take all appropriate steps permitted by law to collect" the debt. Indeed, as Plaintiff points out, the expiration of the thirty-day period does nothing to make the debt valid, but merely permits the debt collector to *assume* the debt is valid. (*See* Opp. at 7-8 (citing *Nelson v. Select Financial Services, Inc.*, 430 F. Supp.2d 455 (E.D. Pa. 2006)).) As discussed above, in order to establish its validity, the debt collector still must follow the steps outlined in 15 U.S.C. § 1692g(a)(4) to verify the debt. As another district court has put it, this section of the FDCPA "merely allows the debt collector to proceed under . . . a 'temporary fiction' that the debt stated in the validation notice is true." *Nelson*, 430 F. Supp.2d at 457 (citing *Smith v. Hecker*, 2005 WL 894812, at *4 (E.D.Pa. Apr. 18, 2005)).

---

[1] The issues with the first sentence of the Statement are exacerbated by its use of two forms of the word "valid." Although this alone does not make the Statement legally deficient, it adds to the overall confusion it creates in the least sophisticated consumer.

7

Given this inaccuracy, the Court agrees with Plaintiff that, by implying that the debt is valid as a matter of law, the Statement discourages the consumer from taking additional actions to contest the debt, which has been recognized as a misrepresentation under section 1692e. *See Velderman v. Midland Credit Mgmt., Inc.*, 2005 WL 2405959, at *7 (W.D.Mich. Sept. 29, 2005) (holding the debt collector violated section 1692e, explaining that "[i]t is a misrepresentation for a debt collector to make a debtor believe that he is legally responsible for the debt simply because the debtor failed to dispute the debt under § 1692(g)"); *Smith*, 2005 WL 894812 at *4-5 (finding a letter sent pursuant to 1692g stating the debt "will be assessed valid" was "deceptive and [did] not convey an effective validation notice").

Defendant mistakenly relies on another court's decision to dismiss FDCPA claims against it, *O'Connor v. Credit Prot. Ass'n LP*, 2013 WL 5340927, at *9 (E.D. Mo. Sept. 23, 2013), to argue that questions regarding the allegedly misleading nature of the Statement "has already been resolved in [Defendant's] favor." That decision had nothing to do with the representation at issue here. Instead, the court in *O'Connor* rejected the plaintiff's theory that a collection letter demanding plaintiff "'protect [his] credit rating' and avoid 'future collection activity' and other 'steps to collect this debt,' . . . made Plaintiff believe that Defendant would imminently report the cable debt on his credit record." Complaint at 2, *O'Connor v. Credit Prot. Ass'n LP*, No. 11-cv-2187 (E.D. Mo. Dec. 16, 2011), ECF No. 3. The *O'Connor* court held that, "[n]owhere in either of the letters does CPA make any statement which remotely threatens to report his debt to the credit bureaus. At best, phases such as 'take all appropriate steps' and 'further collection activity' benignly imply that the plaintiff should pay his debt to protect his credit rating. Such implications do not constitute a § 1692e(5) violation." *O'Connor*, 2013 WL 5340927 at *9. The court never had occasion to consider how the two sentences making up the Statement might work in tandem

8

to mislead a consumer. Indeed, none of the cases cited by Defendants concern representations similar to the one at issue here. (*See generally* Mot.)

The Court also disagrees with Defendant that the implication "that [p]laintiff has admitted that he owes the debt as a matter of law is not material." (Mot. at 10.) Defendant actually does not make any arguments as to *why* the Statement would not be material. Instead, Defendant simply cites cases that recognize the existence of a materiality requirement. (Mot. at 10-11.) In any event, for the reasons discussed above, the Statement suggests, incorrectly, that the debt is valid, thereby discouraging additional actions by a consumer to contest the debt. In this Court's view, such a suggestion is important to the least sophisticated consumer's decision about how to proceed with an alleged debt, and, therefore, meets the materiality requirement.

For these reasons, the Court finds that the Amended Complaint plausibly states a claim for violations of section 1692e.

**B.   15 U.S.C. § 1692f**

Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. As with other provisions of the FDCPA, section 1692f contains a non-exhaustive list of conduct that violates this provision. *See* 15 U.S.C. § 1692f. Aside from the examples of violations within section 1692f, the FDCPA does not purport to define "unfair or unconscionable." "Courts analyzing claims under 1692f have acknowledged that '[t]he phrase 'unfair or unconscionable' is as vague as they come.'" *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) (quoting *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F. 3d 470, 474 (7th Cir. 2007)). Few courts have addressed the question of what constitutes "unfair or unconscionable means," and the Second Circuit has not defined this term in the FDCPA context. However, "courts have found an action unfair where it is 'marked by

injustice, partiality, or deception,' and unconscionable when it is 'unscrupulous,' 'show[s] no regard for conscience,' or 'affront[s] the sense of justice, decency, or reasonableness.'" *Delfonce v. Eltman Law, P.C.*, 2017 WL 639249, at *5 (E.D.N.Y. Feb. 16, 2017) (quoting *Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 314 (E.D.N.Y. 2015) (collecting cases)) (alterations in *Sutton*).

Here, Plaintiff does not allege any "unfair or unconscionable" acts explicitly listed within the subsections of section 1692f. Although "this alone is not fatal to Plaintiff's claim because section 1692f permits courts to sanction improper conduct that is not specifically addressed in the FDCPA," *Sussman v. I.C. Sys.*, 928 F. Supp.2d 784, 797 (S.D.N.Y. 2013), the Amended Complaint includes only a vague reference to allegedly unfair behavior without providing any detail as to why the deficiencies of the Statement satisfy the standard of the statute. Moreover, Plaintiff does not address this claim in the Opposition, much less provide any evidence or case law to support the claim that Defendant's collection activities were unfair or unconscionable. Accordingly, Plaintiff's section 1692f claim must be dismissed. *See Tsenes v. Trans-Continental Credit & Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995) ("The Complaint is devoid of support for the contention that the defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of the section . . . .").

### C.  15 U.S.C. § 1692g

Finally, Plaintiff purports to state a claim under Section 1692g(c), which provides that "[t]he failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." Plaintiff alleges that Defendant violated this section "by falsely implying that the Plaintiff has admitted his alleged debt as a matter

of law based upon his failure to request verification thereof." (Am. Compl. at ¶ 40.) The Court disagrees that this is a properly stated claim.

Unlike sections 1692e and 1692f, which are specifically stated in terms of what a "debt collector may not" do, thereby expressly raising the specter of liability if such provisions are violated by a debt collector, section 1692g(c) is not stated in those terms; instead, it provides for how a *court* is to construe an action of a consumer. Therefore, quite distinct from the other statutes considered in this Memorandum & Order—and from subsections 1692g(a) and 1692g(b), for that matter—a claim against a debt collector cannot arise under 1692g(c). The Court notes, however, that the claim Defendant purports to state under this section is subsumed by his claim under section 1692e for the false implications created by the Statement. The Court has addressed this claim above.

## CONCLUSION

Drawing all reasonable inferences in Plaintiff's favor, Plaintiff has pleaded an adequate claim for relief pursuant to 15 U.S.C. § 1692e, but has not stated claims under 15 U.S.C. §§ 1692f or 1692g. Accordingly, Plaintiff's claims pursuant to 15 U.S.C. §§ 1692f and 1692g are dismissed. SO ORDERED.

Dated: Brooklyn, New York
　　　　March 31, 2017

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge

11